**CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED**

April 28, 2026

**LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NICHELLE R. KEPHART, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00529 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CRYSTAL LARGE, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Nichelle R. Kephart, a pretrial detainee proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Crystal Large and Josh Hayes. (*See* Compl. [ECF No. 1].) She alleges that, when she was transferred to Haysi Regional Jail, her seizure medications were changed even though she was not first seen by a provider. (*See id.*) This matter is before the court on Defendants' motions to dismiss. (Large Mot. to Dismiss [ECF No. 19]; Hayes Mot. to Dismiss [ECF No. 26].) For the following reasons, the court will grant the motions and give Plaintiff the opportunity to amend her complaint.

## I.

Plaintiff alleges the following and, at this stage of the proceedings, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On May 13, 2025, Plaintiff was transferred to Haysi Regional Jail. (Compl. 2.) Upon her transfer, the medical provider at the jail unilaterally changed Plaintiff's seizure medication without seeing her. (*Id.*) On May 19 or 20, 2025, Plaintiff's lawyer's secretary told Plaintiff over the phone that she had spoken with the jail and sent copies of Plaintiff's medical records. (*Id.*)

Plaintiff seeks damages and requests that she remain at the Southwest Regional Jail Tazewell facility—where she was housed at the time she filed her complaint—until she is sentenced.

**II.**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Liberally construing Plaintiff's complaint, she alleges that Defendants were deliberately indifferent to her serious medical needs in violation of the Fourteenth Amendment.

As a preliminary matter, liability in a § 1983 case is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Therefore, to state a claim under § 1983, a plaintiff must show direct personal involvement by each particular defendant." *Allison v. Ball*, No. 7:18cv00125, 2019 WL 1049393, at *2 (W.D. Va. Mar. 5, 2019); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In her complaint, Plaintiff has not alleged which Defendant, if any, was responsible for changing her medication upon her transfer. (*See* Compl. 2 (referring only to "the provider").) She does not use either

Defendant's name in the body of her complaint or describe what either of them did (or failed to do) to violate her constitutional rights. Plaintiff's failure to charge Defendants by name or describe, even in general terms, their allegedly unconstitutional conduct is fatal to her claims. *See Prosha v. Robinson*, No. 3:16CV163, 2018 WL 564855, at *3 (E.D. Va. Jan. 25, 2018) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints.") (quoting *Potter v. Clarke*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

Even if the court infers that "the provider" refers to one of the Defendants, she has not included sufficient factual content in her complaint to create liability under § 1983. The Fourteenth Amendment protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that [are] excessive in relation to that purpose." *Jenkins v. Woodard*, 109 F.4th 242, 250 n.3 (4th Cir. 2024) (quoting *Short v. Hartman*, 87 F.4th 593, 599 (4th Cir. 2023)). To state a claim for deliberate indifference to serious medical needs under the Fourteenth Amendment, a detainee must allege:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short*, 87 F.4th at 611..

Plaintiff has not clearly alleged that, at the time the provider changed her medication, she knew or should have known that changing the medication posed an unjustifiably high risk

of harm to Plaintiff, nor has she alleged that she was actually harmed by the change in her medication. Plaintiff's lack of factual allegations to support these elements of her claim also necessitates their dismissal.

But in Plaintiff's response in opposition to the complaint, she raises several additional factual allegations that could render her claims plausible if properly pleaded. (*See* Pl.'s Resp. in Opp'n to Mots. to Dismiss 1–2 [ECF No. 32] (claiming that Defendant Large was responsible for the decision to change how and when Plaintiff received her seizure medications; that, as a result of the change, she has suffered numerous seizures that could have been prevented; and that Defendant Hayes failed to supervise jail employees like Large to ensure Plaintiff's health and safety).)

Though Plaintiff has not formally sought leave to amend her Complaint to add further factual allegations, the court construes the statements in her response—indicating she has additional relevant allegations to supplement her current complaint—as a request for leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Additionally, courts have authority to grant leave to amend *sua sponte* when a plaintiff is proceeding *pro se. See, e.g., Colquitt v. Bon Secour Mercy Health*, No. 4:21-cv-53, 2022 WL 479093, at *1 (E.D. Va. Feb. 16, 2022); *Gatewood v. Sony Corp. of Am.*, No. 3:19-cv-87, 2020 WL 1876062, at *1 (W.D.N.C. Apr. 15, 2020).  Accordingly, the court will grant Plaintiff leave to amend her complaint, within 30 days, in order to proceed with this action. Plaintiff must file a new complaint no later than 30 days from the date of this Opinion, and the new complaint must lay out facts supporting all elements of her claims, as explained above. If

Plaintiff does not file an amended complaint within this time, the court will enter an order dismissing her claims.

## IV.

For the reasons set forth above, the court will grant Defendants' motions to dismiss (ECF Nos. 19, 26) because Plaintiff's current complaint fails to state a plausible claim for relief against either Defendant. But the court will allow Plaintiff leave to file an amended complaint before entering a final order of dismissal.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 28th day of April, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE